Case 5:24-cv-00020   Document 33   Filed on 09/29/25 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
September 29, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| LAURA EDITH GARCIA, § <br> INDIVIDUALLY AND A/N/F OF D.L. § <br> AND D.L., MINORS. § <br> § <br> VS. § <br> § <br> UNITED STATES OF AMERICA § | CIVIL ACTION NO. 5:24-CV-20 |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

Before the Court for proposed approval is the settlement of the claims of minor Plaintiff D.L.[1] (Dkt. No. 32). In lieu of appointing a guardian ad litem ("GAL"), the Undersigned reviewed documentation provided by the Plaintiff that is relevant to the Court's determination of whether the proposed settlement is in the best interest of the remaining minor Plaintiff. (Dkt. Nos. 31 and 32). A hearing was held on the proposed settlement on September 25, 2025. (Min. Entry Sep. 25, 2025). For the reasons stated below, the Court **RECOMMENDS** that the District Court **APPROVE** the proposed settlement as it pertains to minor Plaintiff D.L., and **GRANT** Plaintiff's Motion for Approval of Minor Settlement and for Disbursement of Funds. (Dkt. No. 32).

### I.   BACKGROUND

On February 5, 2024, Plaintiff Laura Edith Garcia ("Plaintiff Garcia") filed this suit individually and as next friend of Minor Plaintiffs D.L. and D.L. (Dkt. No. 1). In

---

[1] As noted in the parties' Joint Notice of Settlement, one of the minor Plaintiffs has reached the age of majority. (Dkt. No. 27).

their complaint, Plaintiffs bring their case pursuant to the Federal Tort Claims Act, and allege that Defendant's employee's negligence caused a motor-vehicle collision in which Plaintiffs sustained personal injuries and resulting damages. (*Id*. at 3-8). On August 15, 2025, the Parties filed a Joint Notice of Settlement notifying the Court that the Parties reached settlement as to all claims. (Dkt. No. 20).

## II.   LEGAL STANDARD

A district court has the "inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties." *Del Bosque v. AT&T Advert., L.P.*, 441 Fed. App'x 258, 260 (5th Cir. 2011) (quoting *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994)). When determining whether a proposed settlement should be approved, courts should evaluate whether the "proposed settlement is . . . 'fair, adequate, and reasonable and . . . not the product of collusion between the parties.'" *Newby v. Enron Corp.*, 394 F.3d 296, 301 (5th Cir. 2004) (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).

## III.   DISCUSSION

On September 18, 2025, Plaintiff filed numerous documents for the Undersigned's review, to include 1) a Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677, and 2) a Client Settlement Statement, for the Undersigned's review. (Dkt. Nos. 32-21 and 32-19). The remaining documents were of the type typically sent to a GAL for their review in making a recommendation as to whether the settlement is in the minor Plaintiff's best interest.

At the September 25, 2025, hearing, the Undersigned reviewed the proposed settlement with the Parties. (Min. Entry Sep. 25, 2025). Under the terms of the agreement, the total settlement amount to be received by Plaintiffs is $2,680.34. (Dkt. No. 32-19). Counsel for Plaintiffs would receive as compensation for their services a contingent fee of 12% of the total settlement amount ($321.64). (*Id.*). An additional $926.54 would be reduced from the total settlement in the form of case expenses that were previously paid by Counsel for Plaintiffs. (*Id.*).

An additional $427.06 would be reduced from the total settlement to pay off a pending medical care balance, making the total settlement amount to be received by Plaintiffs $1,005.10. (*Id.*).[2] The total amount to be received by Plaintiffs is to be entirely allocated to minor Plaintiff D.L. and will be deposited into the Registry of the Court until the minor reaches the age of 18. (Dkt. No. 32-19 at 12).

The Undersigned explained that in lieu of appointing a GAL, he reviewed the documents filed by Plaintiff on September 18, 2025. (Hrg. at 11:23). The Undersigned explained that after reviewing the documents, he believed that the terms of the settlement are fair and reasonable, that the settlement is reasonable on behalf of the minor, and that the settlement is in the minor Plaintiff's best interest. (Hrg. at 11:23-11:24).

Plaintiff Garcia testified under oath that she is the mother of minor Plaintiff D.L. (Hrg. at 11:25). Plaintiff Garcia testified that no airbags deployed during the

---

[2] At the hearing, Counsel for Plaintiffs confirmed that there is no remaining balance of $47.43 with Renaissance Emergency Physicians, which makes the final amount $1,005.10, rather than $957.67, as initially alleged. (Hrg. at 11:21-11:22).

3

accident in question, that minor Plaintiff D.L. was able to walk around after the crash, and that minor Plaintiff D.L. was discharged from the hospital without sustaining any serious or permanent injuries. (Hrg. at 11:25-11:26). Plaintiff Garcia further testified that she understands the terms of the proposed settlement. (Hrg., at 11:27-11:28).

Plaintiff Garcia testified that the amount of $1,005.10 is solely for the benefit of the minor and would be deposited within the Court's registry until minor Plaintiff reached the age of 18, at which point he could request that the money be withdrawn, along with any interest it has earned. (Hrg. at 11:28). Plaintiff Garcia testified that she understood that if the Court did not approve the settlement, that the case could go to trial, and that Plaintiffs could be awarded more, less, or no money, compared to the proposed settlement amount. (*Id.*). She testified that she understood that she has a right to a jury trial and agrees that settlement is in the best interest of the minor Plaintiffs. (Hrg. at 11:29). She testified that she wants the Court to approve the settlement and is satisfied with her attorney's representation on the matter. (*Id.*).

After independent review of Plaintiffs' Motion for Approval of Minor Settlement and for Disbursement of Funds, (Dkt. No. 32), and other documentation provided by Plaintiff, to include the Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677, (Dkt. No. 32-21), and the Client Settlement Statement, (Dkt. No. 32-19), and the representations made by the parties at the hearing, the Undersigned **FINDS** that the proposed settlement agreement is fair, reasonable, and is in the minor Plaintiff's

best interests. The Undersigned further **FINDS** that placing the minor Plaintiff's Settlement into the Registry of the Court is in the best interest of the minor Plaintiff.

For the foregoing reasons, the Undersigned **RECOMMENDS** the District Court **APPROVE** the proposed settlement agreement as it pertains to minor Plaintiff D.L.

The Undersigned further **RECOMMENDS** the District Court **GRANT** Plaintiff's Motion for Approval of Minor Settlement and for Disbursement of Funds. (Dkt. No. 32).[3]

## IV.   PARTIES' WAIVER OF OBJECTIONS AND REQUEST TO ADOPT THIS REPORT

At the close of the hearing, Plaintiffs and Defendant, through their counsel, waived their right to object to this Report and Recommendation and requested that the District Court accept the findings and recommendations in this report. (Hrg. at 11:33). Therefore, the District Court may act on this Report immediately.

**SIGNED** this 29th day of September, 2025.

_____
Christopher dos Santos
United States Magistrate Judge

---

[3] The motion is unopposed.